**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4760**

_____

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

    v.

TRAVIS MARCUS LOCK,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:02-cr-00009-FDW-1)

_____

Submitted:  March 31, 2011          Decided:  April 5, 2011

_____

Before NIEMEYER, SHEDD, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Richard M. Thompson, COULTER & THOMPSON, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Travis Marcus Lock appeals the sixty-month sentence of imprisonment imposed by the district court upon revocation of supervised release. Lock admitted the eight violations alleged in the petition on supervised release. On appeal, Lock's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, there are no meritorious issues for appeal. Counsel questions whether the district court abused its discretion in sentencing Lock to sixty months in prison when his original term of supervised release was thirty-six months, but concludes that because Lock was convicted of a class A felony (possession of a firearm in furtherance of a drug trafficking offense), 18 U.S.C. § 3583(e)(3) (2006) authorized the maximum sixty-month term of imprisonment. Lock was informed of his right to file a pro se supplemental brief, but has not done so. The Government declined to file a brief.

We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range, and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). Here, the prescribed statutory maximum term for Lock's revocation sentence was five years' imprisonment because the offense that resulted in his

2

supervised release term was a class A felony.  See 18 U.S.C. § 3583(e)(3).

We must next determine if the sixty-month sentence was plainly unreasonable.  To determine if a sentence is plainly unreasonable, we must first consider whether the sentence imposed is unreasonable.  Crudup, 461 F.3d at 438.  In making this determination, we follow "the procedural and substantive considerations that we employ in our review of original sentences."  Id.  In this inquiry, we take a more deferential posture concerning issues of fact and the exercise of discretion than reasonableness review of Guidelines sentences.  United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007).  Only if we find the sentence procedurally or substantively unreasonable, must we decide whether it is "plainly" so.  Id. at 657.

While a district court must consider Chapter Seven's policy statements and the statutory provisions applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e) (2006), the district court need not robotically tick through every subsection, and it has broad discretion to revoke the previous sentence and impose a term of imprisonment up to the statutory maximum provided by § 3583(e)(3).  Moulden, 478 F.3d at 656-57; Crudup, 461 F.3d at 439.  Moreover, while a district court must provide a statement of the reasons for the sentence imposed, the court "need not be as detailed or specific when imposing a

3

revocation sentence as it must be when imposing a post-conviction sentence." <u>United States v. Thompson</u>, 595 F.3d 544, 547 (4th Cir. 2010). After reviewing the record, we conclude that the sixty-month sentence imposed by the district court was within the prescribed statutory range and not unreasonable.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Lock in writing of his right to petition the Supreme Court of the United States for further review. If Lock requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lock. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>
